IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
NEBRASKA ELECTRONICS, INC.,    )
                               )
            Plaintiff,         )        8:07CV364
                               )
      v.                       )
                               )
ST. PAUL FIRE AND MARINE       )        CONSENT PROTECTIVE ORDER
INSURANCE COMPANY,             )
                               )
            Defendant.         )
_____)
```

This matter is before the Court on the parties' Motion for Entry of Protective Order (Filing No. 17).

IT IS HEREBY AGREED AND ORDERED:

1. When used in this Order, the term "Documents" means all written, recorded or graphic matter whatsoever produced by any party, person, or entity, whether pursuant to Rule 34, subpoena, deposition, or by agreement, that any party designates as confidential by stamping "CONFIDENTIAL" on each page thereof.

2. The Documents, and every portion thereof shall be considered "confidential" for purposes of this Order and shall be used by the non-producing party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

3. No portion of the Documents shall be given, shown, disclosed or communicated by the non-producing party to any person or entity other than the parties; their auditors and/or reinsurers; their counsel in this action; employees of counsel to

the extent reasonably necessary to render professional services in this litigation; to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained for the purpose of assisting counsel in this litigation.

      4.   No person to whom the Documents are furnished or disclosed shall copy or otherwise use the Documents or information contained therein for any purpose whatsoever, except in connection with pre-trial proceedings, preparation for trial, trial or other proceedings associated with this litigation.

      5.   By disclosing the Documents and providing them to the other party, the producing party does not waive the confidentiality or privileged status thereof.

      6.   Should any portion of the Documents be utilized in connection with any document filed with the Court, or be utilized at any deposition, hearing or trial, or should information in the Documents be disclosed in an affidavit, discovery answer or in connection with any document filed with the Court, or in the transcript of any deposition, hearing or trial, the exhibit, affidavit, discovery answer, or other document or transcript filed with the Court must be submitted to the Court pursuant to NECivR 7.5 or, alternatively be filed in a sealed envelope or other sealed container marked with the caption of this

litigation, identifying each enclosed document and thing, and bear a statement precisely in the following form:

"CONFIDENTIAL"

>By Order of the U.S. District Court for the District of Nebraska, dated November ___, 2007, this envelope is not to be opened, and its contents are not to be displayed or revealed to any person, other than the presiding Judge, the parties or their attorneys, in this matter."

Transcripts of the depositions covered by this Order shall be filed under seal in the manner described above.

    7.  At the conclusion of all proceedings in this litigation, all of the Documents (and all copies) shall be returned, from any person in possession thereof, to the producing party.  The obligations of this Order shall not terminate upon the conclusion of this action, but shall continue until further order of this Court or until the parties have waived the confidentiality of the Documents in writing.

    8.  The terms and conditions of this Order may only be waived through a written statement signed by the parties or counsel for the parties. Further, this Order is without prejudice to the right of any party to seek relief from the Court from any of the restrictions provided above upon good cause shown or for any other grounds provided by applicable law.

9. The Court shall impose sanctions upon any person who grants access to the Documents for any purpose other than the preparation, trial, or appeal of this case, or who otherwise violates the terms of this Order, including consequential damages, sanctions, costs, attorneys' fees and other appropriate relief.

DATED this 10th day of December, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

| PREPARED AND SUBMITTED BY: | APPROVED AS TO FORM AND CONTENT: |
|---|---|
| By: <br> R. Scott Johnson, #22911 <br> K<small>OLEY</small> J<small>ESSEN</small> P.C., L.L.O. <br> One Pacific Place, Suite 800 <br> 1125 South 103rd Street <br> Omaha, NE  68124-1079 <br> (402) 390 9500 <br> (402) 390 9005 (facsimile) <br> Scott.Johnson@koleyjessen.com | By: <br> Michael K. Huffer – 18087 <br> Cassem, Tierney, Adams Gotch & Douglas <br> 8805 Indian Hills Drive, Suite 300 <br> Omaha, NE  68114-4070 <br> (402) 390.0300 |
| Attorneys for Plaintiff, <br> NEBRASKA ELECTRONICS, INC. | Attorneys for Defendant, ST. PAUL FIRE AND MARINE INSURANCE COMPANY |

-5-